UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **Guillermo Ramon ANGUIANO** ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | '08 MJ 1481 <br><br> Magistrate Case No._____ <br><br> COMPLAINT FOR VIOLATION OF <br><br> Title 8, U.S.C., Section 1326 <br> Attempted Entry After <br> Deportation |

The undersigned complainant being duly sworn states:

On or about **May 12, 2008**, within the Southern District of California, defendant **Guillermo Ramon ANGUIANO**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence this **13th** day of **May 2008**.

UNITED STATES MAGISTRATE JUDGE
CATHY ANN BENCIVENGO

# PROBABLE CAUSE STATEMENT

On May 12, 2008 at about 0050 hours **Guillermo Ramon ANGUIANO (Defendant)** applied for admission into the United States from Mexico through the San Ysidro Port of Entry as the driver and sole visible occupant of a red 1994 Nissan Sentra. Defendant presented a United States passport bearing the name Cesar Eliceo Gonzalez as proof of admissibility to a Customs and Border Protection (CBP) Officer. Defendant gave a negative Customs declaration to the CBP Officer and stated he was going to El Monte, California. Defendant also presented a State of California birth certificate bearing the same name as on the passport. The CBP Officer suspected Defendant was making a documented false claim to United States citizenship and requested another form of identification from Defendant. Defendant presented a State of California driver license bearing the same name as on the passport. The CBP Officer subsequently escorted Defendant and the vehicle to secondary for further inspection.

In secondary, it was determined Defendant is a citizen of Mexico without legal documents to enter or reside in the United States. Defendant was queried by fingerprint and photograph comparison through the Automated Biometric Identification System (IDENT). IDENT returned a match to the query, identifying Defendant as a deported alien and citizen of Mexico. Defendant's identity was verified by 10-digit fingerprint submission through the Integrated Automated Fingerprint Identification System (IAFIS) linking Defendant to FBI and Immigration Service records.

Immigration Service records, including the Deportable Alien Control System (DACS) identify Defendant as a previously deported alien. DACS information indicates that on or about December 8, 2004 an Immigration Judge ordered Defendant deported and removed from the United States. DACS information further reveals that Defendant was last removed from the United States on or about May 2, 2008. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. Defendant admitted he does not have legal documents to enter or reside in the United States. Defendant admitted being deported in 2004 by an Immigration Judge. Defendant further admitted he has not applied for permission from the Attorney General of the United States to lawfully re-enter the country. Defendant admitted knowing that attempting to enter the United States after deportation is against the law and that presenting a United States passport not lawfully issued to him is against the law. Defendant admitted he was going to Los Angles California to reunite with his children.